1
2          IN THE UNITED STATES DISTRICT COURT FOR THE
                 WESTERN DISTRICT OF MISSOURI
3                      WESTERN DIVISION

4
UNITED STATES OF AMERICA,    ) Case No. 19-00254-01-CR-W-DGK
5                            )
              Plaintiff,     ) Kansas City, Missouri
6                            ) August 2, 2019
v.                           )
7                            )
AUSTIN BAILEY WITKOWSKI,     )
8                            )
              Defendant.     )
9    _____)


10
        TRANSCRIPT OF HEARING ON WAIVER OF INDICTMENT,
11      FILING OF INFORMATION AND PLEA TO INFORMATION
           BEFORE THE HONORABLE MATT J. WHITWORTH
12         CHIEF UNITED STATES MAGISTRATE JUDGE


13
APPEARANCES:
14
For the Plaintiff:          Mr. Matthew A. Blackwood
15                          Assistant United States Attorney
                            400 E. Ninth St., Ste. 5510
16                          Kansas City, MO  64106
                            (816) 426-3122
17
For the Defendant:          Mr. Leon J. Davis, Jr.
18                          115 E. Park St., Suite B
                            Olathe, KS  66061
19                          (913) 667-7797

20   Court Audio Operator:      Ms. Jan Martin

21   Transcribed by:            Rapid Transcript
                                Lissa C. Whittaker
22                              1001 West 65th Street
                                Kansas City, MO  64113
23                              (816) 914-3613

24
Proceedings recorded by electronic sound recording, transcript
25   produced by transcription service.

1    (Court in Session at 1:28 p.m.)

2    THE COURT:  Okay.  We're here for a plea to an

3   Information in the case of *United States vs. Austin Witkowski*.

4   This is Case No. 19-245, assigned to District Judge Greg Kays.

5   Mr. Witkowski apparently is going to plead to a charge of making

6   a false statement, a single count charge.  And Matt Blackwood

7   with the -- yes.

8    MR. BLACKWOOD:  Yes, Your Honor.

9    THE COURT:  I don't think we've met yet, have we?

10    MR. BLACKWOOD:  I do not believe so.

11    THE COURT:  Okay.  Well, welcome.

12    MR. BLACKWOOD:  Thank you.

13    THE COURT:  Matt Blackwood, Assistant U.S. Attorney, is

14   here on behalf of the United States.  And Mr. Witkowski is here

15   represented by his lawyer, Leon Davis.

16    MR. DAVIS:  That's correct, Your Honor.

17    THE COURT:  Okay.  Great.  All right.  I have up here on

18   my desk, Mr. Witkowski, a consent to entry of a felony plea

19   before me.  I'm a Magistrate Judge, and you do have the right to

20   have your plea before the District Judge assigned to your case

21   but you could waive that.  And Judge Kays asked me to take this

22   plea for him.  Is that what you want to do here today?

23    MR. WITKOWSKI:  Yes, Your Honor.

24    THE COURT:  Okay.  All right.  Well, I will accept your

25   waiver.  And just understand that you do have the right also to

1  have your case presented to a Federal Grand Jury for an

2  indictment.  And you can waive that.  And is that what you're

3  wanting to do here today?

4            MR. WITKOWSKI:  Yes, Your Honor.

5            THE COURT:  Okay.  Okay.  Do we have a signed waiver in

6  this case?

7            MR. BLACKWOOD:  We do, Your Honor.

8            THE COURT:  All right.

9                      (Judge Reviewing Documents)

10           THE COURT:  Okay.  Mr. Witkowski, I have to ask you some

11  questions about the facts of the case and also make sure that you

12  understand all of your rights that you're giving up by pleading

13  guilty here today.  So, please raise your right hand.

14           AUSTIN BAILEY WITKOWSKI, DEFENDANT, SWORN

15           THE COURT:  All right.  Please be seated.  Okay.  The

16  indictment -- or the Information that you're pleading guilty to

17  is a charge on making a false statement to the FBI in violation

18  of 18, United States Code, Section 1001(a)(2).  The Information

19  reads as follows:  On or about March 25th, 2019, in the Western

20  District of Missouri, Defendant Austin Bailey Witkowski did

21  willfully and knowingly make materially false, fictitious, and

22  fraudulent statements and representations in a matter within the

23  jurisdiction of the Executive Branch of the Government of the

24  United States, in that defendant made statements to agents of the

25  Federal Bureau of Investigation in which he represented he had

1   never called for a re-enactment of the Christchurch, New Zealand,

2   shooting and had never asked anyone to meet with him in

3   furtherance of a plan related to such an attack, when, in fact,

4   defendant well knew that he had -- he did make these statements

5   all in violation of Title 18, United States Code, Section

6   1001(a)(2). Okay. The penalty for this crime is -- the maximum

7   possible penalty is not more than five years in prison. The fine

8   is not more than $250,000. The supervised release term is not

9   more than three years and there is a mandatory $100 special

10  assessment. This is, I believe, a Class D felony, Mr. Blackwood?

11          MR. BLACKWOOD: That's correct.

12          THE COURT: Okay. All right. So, do you understand the

13  charge against you, sir?

14          MR. WITKOWSKI: Yes, Your Honor.

15          THE COURT: And do you also understand the maximum

16  possible punishment?

17          MR. WITKOWSKI: Yes, Your Honor.

18          THE COURT: All right. You can sit down. You don't

19  have to stand up. All right. How old are you, sir?

20          MR. WITKOWSKI: I'm 19 years old.

21          THE COURT: And how far did you go in school?

22          MR. WITKOWSKI: I completed my GED.

23          THE COURT: GED. Do you read, write and understand the

24  English language?

25          MR. WITKOWSKI: Yes, Your Honor.

1    THE COURT:  Are you currently under the influence of any

2    alcohol, drugs or medication?

3        MR. WITKOWSKI:  No, Your Honor.

4        THE COURT:  Mr. Davis, do you believe that your client

5    is competent to enter a plea here today?

6        MR. DAVIS:  I do, Your Honor.

7        THE COURT:  Mr. Witkowski, have you ever been diagnosed

8    with a mental disease or defect?

9        MR. WITKOWSKI:  Yes, Your Honor.

10       THE COURT:  And what is that?

11       MR. WITKOWSKI:  Depression and anxiety.

12       THE COURT:  Okay.  Do those prevent you from

13   understanding the proceedings here against you today?

14       MR. WITKOWSKI:  No, Your Honor.

15       THE COURT:  Now, are you clear-headed?

16       MR. WITKOWSKI:  Yes, Your Honor.

17       THE COURT:  And do you understand that if there's

18   anything during the course of this plea that you feel like you're

19   not sure about, you don't understand it, will you let me know

20   that?

21       MR. WITKOWSKI:  Yes, Your Honor.

22       THE COURT:  All right.  Okay.  Mr. Blackwood, do you

23   have anything in your file that would indicate the defendant is

24   not competent to enter a plea?

25       MR. BLACKWOOD:  No, Your Honor.

1    THE COURT:  All right.  Now, Mr. Witkowski, you have the

2  right to continue to plead not guilty to this Information if you

3  want to.  You can have the matter presented to a Grand Jury.  And

4  by pleading guilty, you're waiving several of your constitutional

5  rights.  Do you understand that?

6    MR. WITKOWSKI:  Yes, Your Honor.

7    THE COURT:  I want to go over those rights with you.

8  Now, one of the things you give up when you plead guilty is that

9  if the case were to be indicted, your attorney would have the

10  right to file pretrial motions to try to defend you in some

11  fashion, motions to dismiss, motions to suppress evidence, that

12  kind of thing.  Do you understand that when you plead guilty

13  you're giving up those rights?

14    MR. WITKOWSKI:  Yes, Your Honor.

15    THE COURT:  Do you also understand that as we sit here

16  right now, you're presumed innocent.  Until you plead guilty you

17  are presumed innocent.  And if the case were to go to trial, the

18  District Judge would read to the jury an instruction, a jury

19  instruction that would tell the jury, instruct them that they are

20  required to presume that you're innocent of the charges.  Do you

21  understand that?

22    MR. WITKOWSKI:  Yes, Your Honor.

23    THE COURT:  And once you plead guilty you're no longer

24  presumed innocent.  Do you understand?

25    MR. WITKOWSKI:  Yes, Your Honor.

1     THE COURT:  You also, if you went to trial you'd have a
2  right to a jury trial.  That would be 12 -- in criminal cases 12
3  jurors that would sit and hear the evidence in your case.  And
4  they would decide at the end of the trial whether you're guilty
5  or not guilty of the charges.  Do you understand that?
6            MR. WITKOWSKI:  Yes, Your Honor.
7     THE COURT:  You also would have the right to counsel.
8  Mr. Davis would be there with you the entire time during the
9  trial and he would represent you.  He would confront and cross-
10 examine the witnesses against you and do everything he could to
11 try to convince the jury that you're not guilty of the charges.
12 Do you understand that?
13           MR. WITKOWSKI:  Yes, Your Honor.
14    THE COURT:  And you also would have the right to -- in a
15 criminal case in our country, the prosecutor has the burden to
16 prove you're guilty beyond a reasonable doubt.  They have to
17 prove that you're guilty to the jury.  You don't have to prove
18 anything as a defendant.  So, the burden is entirely upon the
19 prosecution.  Do you understand that?
20           MR. WITKOWSKI:  Yes, Your Honor.
21    THE COURT:  And once you waive your right to a trial,
22 then you're admitting that you're guilty beyond a reasonable
23 doubt and the Government no longer has to prove that you're
24 guilty.  Do you understand that?
25           MR. WITKOWSKI:  Yes, Your Honor.

1    THE COURT:  All right.  Now, you would also, if you went

2  to trial, have the right to call your own witnesses on your

3  behalf, as well as the right to confront and cross-examine

4  witnesses against you, to present any defenses to the charge

5  against you, to use the subpoena power of the court to secure

6  witnesses.  If your lawyer -- if you went to trial, then your

7  lawyer could ask the court to issue trial subpoenas to require

8  witnesses to come and testify on your behalf.  Do you understand

9  that?

10    MR. WITKOWSKI:  Yes, Your Honor.

11    THE COURT:  And by pleading guilty you're giving up all

12  of these rights.  Do you understand?

13    MR. WITKOWSKI:  Yes, Your Honor.

14    THE COURT:  Another right that you have if you went to

15  trial is that the jury's verdict in a criminal case has to be

16  unanimous.  In other words, all 12 of the jurors have to agree

17  that you're guilty beyond a reasonable doubt.  Do you understand

18  that, sir?

19    MR. WITKOWSKI:  Yes, Your Honor.

20    THE COURT:  All right.  And once you waive your right to

21  a jury trial, you no longer have that right to have the unanimous

22  verdict.  Do you understand that?

23    MR. WITKOWSKI:  Yes, Your Honor.

24    THE COURT:  All right.  You would also not be compelled

25  to testify against yourself if you went to trial.  You have the

1  Fifth Amendment right to remain silent.  So, if you went to
2  trial, nobody could make you testify if you didn't want to, not
3  the prosecution, not your lawyer, not even the judge.  You have
4  the absolute right to remain silent.  Do you understand that?

5          MR. WITKOWSKI:  Yes, Your Honor.

6          THE COURT:  You would also have the right, if you went
7  to trial, to appeal the merits of your case.  If you did go to
8  trial and you were convicted by the jury, then you would have the
9  right to appeal that to the Eighth Circuit Court of Appeals.
10  Once you plead guilty you give up that right to appeal.  Do you
11  understand that?

12          MR. WITKOWSKI:  Yes, Your Honor.

13          THE COURT:  And, in fact, in your Plea Agreement it's
14  one of the things that's discussed is your waiver of appellate
15  and post-conviction rights.  And if you would turn to page 9 of
16  the Plea Agreement.  Do you have a copy there, Mr. Davis?

17          MR. DAVIS:  Yes, Your Honor, we do.

18          THE COURT:  Okay.  On page 9, Paragraph 15 it states
19  that in Paragraph 15(b), the defendant expressly waives his right
20  to appeal his sentence, directly or collaterally, on any ground
21  except a claim of (1) ineffective assistance of counsel; (2)
22  prosecutorial misconduct; or, (3) an illegal sentence.  Do you
23  understand you're giving up all of your rights to appeal this --
24  what happens from here on out to the Eighth Circuit except for
25  those three areas?

1          MR. WITKOWSKI:  Yes, Your Honor.

2          THE COURT:  All right.  And do you want to go ahead and

3   go forward with your plea here today?

4          MR. WITKOWSKI:  Yes, Your Honor.

5          THE COURT:  All right.  Okay.  Now, let's go to the Plea

6   Agreement.  I have a copy of the agreement up here.  Who has the

7   original?  Right here?  Here it is.

8          MS. MARTIN:  That's a clean copy (inaudible).

9          THE COURT:  Yeah.  Okay.  Who has the original?

10         MR. BLACKWOOD:  Your Honor, I have a copy of the signed

11  original.

12         THE COURT:  And did he sign it?

13         MR. BLACKWOOD:  Yes, Your Honor.

14         THE COURT:  All right.  Is that your signature, Mr.

15  Witkowski?

16         MR. WITKOWSKI:  Yes, Your Honor.

17         THE COURT:  And did you read the Plea Agreement before

18  you signed it?

19         MR. WITKOWSKI:  Yes, Your Honor.

20         THE COURT:  Do you understand the terms of the Plea

21  Agreement?

22         MR. WITKOWSKI:  Yes, Your Honor.

23         THE COURT:  Do you have any questions about -- that you

24  want to ask me now about the terms of the Plea Agreement?

25         MR. WITKOWSKI:  No, Your Honor.

1      THE COURT:  Okay.  Did you sign this Plea Agreement

2  voluntarily?

3      MR. WITKOWSKI:  Yes, Your Honor.

4      THE COURT:  Were there any promises made to you which

5  were not set forth in writing in the Plea Agreement?

6      MR. WITKOWSKI:  No, Your Honor.

7      THE COURT:  All right.  Has there been any threats

8  against you to get you to plead guilty?

9      MR. WITKOWSKI:  No, Your Honor.

10      THE COURT:  Do you understand that this Plea Agreement

11  is an agreement between you and the United States?

12      MR. WITKOWSKI:  Yes, Your Honor.

13      THE COURT:  In other words, Judge Kays, who is your

14  judge in this case, he's not bound by the terms of this

15  agreement.  Do you understand that?

16      MR. WITKOWSKI:  Yes, Your Honor.

17      THE COURT:  I'm sure he'll read it and he will likely

18  follow the terms, but he's not required to.  And I want to make

19  sure you understand that.  Do you?

20      MR. WITKOWSKI:  Yes, Your Honor.

21      THE COURT:  All right.  Do you know that -- do you

22  understand that the court must sentence you according to the

23  Federal Sentencing Guidelines?

24      MR. WITKOWSKI:  Yes, Your Honor.

25      THE COURT:  And have you discussed the guidelines with

1  your attorney?

2          MR. WITKOWSKI:  Yes, Your Honor.

3          THE COURT:  All right.  In some cases, the court can

4  depart upward or downward from the guidelines.  I don't know if

5  that's a possibility in your case, but do you understand that?

6          MR. WITKOWSKI:  Yes, Your Honor.

7          THE COURT:  And in addition, sometimes the court can do

8  a variance from the guidelines, a downward variance where, if

9  your attorney makes some argument about your particular

10  circumstances or something unique about your case, the judge

11  sometimes can depart downward on a variance.  I don't know if

12  that will happen in this case but that's a possibility.  Is that

13  prohibited in the Plea Agreement, Mr. Blackwood?

14          MR. BLACKWOOD:  That is contemplated by the Plea

15  Agreement in this case.

16          THE COURT:  I'm sorry?

17          MR. BLACKWOOD:  It is contemplated by the Plea Agreement

18  in this case.

19          THE COURT:  All right.  So, you would have -- your

20  lawyer could make those arguments to the District Judge and

21  that's up to Judge Kays.  It's completely within his discretion.

22  He's not required to do that.  Do you understand that?

23          MR. WITKOWSKI:  Yes, Your Honor.

24          THE COURT:  All right.  Now, could you state for the

25  record, Mr. Blackwood, the reasons that the Government entered

1    into the Plea Agreement?

2          MR. BLACKWOOD:  Yes, Your Honor.  The defendant agrees

3    to plead guilty to Count One of the Information for making false

4    statements.  The count carries a maximum of five years

5    imprisonment in exchange for his plea.  The defendant has agreed

6    to assist the Government.  The Government has further agreed not

7    to bring any further charges related to the conduct at issue.  It

8    is further agreed the sentence as imposed is within the sole

9    discretion of this court.  And finally, the parties agree that

10   there are no other agreements except for any written supplemental

11   agreement that may be presented to the court *in camera*.

12          THE COURT:  All right.  Thank you.  And I'm assuming

13   that part of the reasons you're entering into this agreement is

14   that it will save the costs and expense of a trial, resources of

15   the Government?

16          MR. BLACKWOOD:  Yes, Your Honor.

17          THE COURT:  All right.  Mr. Davis, what were your -- you

18   and your client's reasons for entering into the Plea Agreement?

19          MR. DAVIS:  Your Honor, I think that it's a fair

20   agreement for what's happened.  As the Government has stated, my

21   client has agreed to cooperate in this investigation.  I think

22   it's in his best interest to do so.  I have explained at length

23   his possible defenses were we to proceed to trial and this is his

24   decision to enter into this I believe of his own free will.

25          THE COURT:  Okay.  Thank you.  Have any promises been

made to you, Mr. Witkowski about what Judge Kays will do or not do at sentencing?

MR. WITKOWSKI: No, Your Honor.

THE COURT: All right. You understand that it is completely up to Judge Kays?

MR. WITKOWSKI: Yes, Your Honor.

THE COURT: Have there been any promises that aren't in that Plea Agreement about what the Government will or will not do at sentencing?

MR. WITKOWSKI: No, Your Honor.

THE COURT: All right. Now, once you plead guilty you understand that it's virtually impossible to withdraw your plea of guilty. Do you understand that?

MR. WITKOWSKI: Yes, Your Honor.

THE COURT: And part of the Plea Agreement contemplates a term of supervised release. Do you understand what that is?

MR. WITKOWSKI: Yes, Your Honor.

THE COURT: Okay. It's not more than -- let's see here, three years in this case. They call that in state court parole. In federal court they call it supervised release. That's if you get a sentence of imprisonment, once you get out you have to be under the supervision of the United States Office of Probation and Parole. And there are certain terms and conditions of your supervision that you must comply with. Of course, you'll get a copy of all that. But if you intentionally violate those terms

1 and conditions it could result in you having to go to prison.  Do

2 you understand that?

3         MR. WITKOWSKI:  Yes, Your Honor.

4         THE COURT:  All right.  Is there any forfeiture in this

5 case?

6         MR. BLACKWOOD:  No, Your Honor.

7         THE COURT:  All right.  Okay.  Have you had enough time

8 to talk to your lawyer about your case?

9         MR. WITKOWSKI:  Yes, Your Honor.

10         THE COURT:  And are you satisfied with his represent-

11 ation of you in this matter?

12         MR. WITKOWSKI:  Yes, Your Honor.

13         THE COURT:  Has he done everything you've asked him to

14 do?

15         MR. WITKOWSKI:  Yes, Your Honor.

16         THE COURT:  Is there anything that he did that you did

17 not want him to do?

18         MR. WITKOWSKI:  No, Your Honor.

19         THE COURT:  All right.  At least at this point you're

20 perfectly happy with his representation, is that fair?

21         MR. WITKOWSKI:  Yes, Your Honor.

22         THE COURT:  All right.  Have you been coerced in any way

23 or by any person to enter into this plea of guilty?

24         MR. WITKOWSKI:  No, Your Honor.

25         THE COURT:  No threats?

1    MR. WITKOWSKI:  No, Your Honor.

2    THE COURT:  All right.  And so how do you wish to plead

3    to the charge in the Information, the charge of making a false

4    statement to the FBI, guilty or not guilty?

5    MR. WITKOWSKI:  Guilty, Your Honor.

6    THE COURT:  Are you pleading guilty because you are, in

7    fact, guilty of this case?

8    MR. WITKOWSKI:  Yes, Your Honor.

9    THE COURT:  All right.  I note that in -- if you go to

10   the Plea Agreement, in page -- on page 2, Paragraph 3 there's a

11   factual basis for the guilty plea.  And it sets forth the

12   evidence the Government would have presented if this case had

13   gone to trial.  And certain things are stated within those

14   paragraphs about you, Mr. Witkowski, that you did that constitute

15   the basis for the charge in the Information.  Do you understand

16   that?

17   MR. WITKOWSKI:  Yes, Your Honor.

18   THE COURT:  Do you admit that you made those false

19   statements?

20   MR. WITKOWSKI:  Yes, Your Honor.

21   THE COURT:  And you're, in fact, guilty of that charge,

22   is that correct?

23   MR. WITKOWSKI:  Yes, Your Honor.

24   THE COURT:  Okay.  Mr. Blackwood, do you want to make

25   any further record on the factual basis?

1    MR. BLACKWOOD:  No, Your Honor.  I think everything is

2  captured in Paragraph 3.

3    THE COURT:  All right.  I would agree with that.  That's

4  a good basis of a -- a factual basis for the plea.  Mr. Davis, do

5  you want to make any further record on the factual basis?

6    MR. DAVIS:  No, Your Honor.  I think we've covered

7  everything.

8    THE COURT:  All right.

9    MR. BLACKWOOD:  And I may have missed it, Your Honor,

10  but if you'd just inquire whether the defendant agrees with the

11  factual basis laid out in Paragraph 3.

12    THE COURT:  Do you agree with that, sir?

13    MR. WITKOWSKI:  Yes, Your Honor.

14    THE COURT:  And you admit that you made these false

15  statements, is that correct?

16    MR. WITKOWSKI:  Yes, Your Honor.

17    THE COURT:  All right.  Okay.  I'm going to order a

18  Presentence Investigation Report be prepared on behalf of the

19  United States -- or on behalf of the defendant.  And that will

20  take three to four months.  Is that fair?

21    MR. BLACKWOOD:  Roughly, Your Honor, yes.

22    THE COURT:  Yeah.  And when you get that draft report,

23  Mr. Witkowski, you and your lawyer need to read it carefully.  If

24  there's anything in there that you think is incorrect that you

25  want to object to you have that right.  Do you understand that?

1    MR. WITKOWSKI:  Yes, Your Honor.

2    THE COURT:  And typically what would happen is, if there

3  was an objection, your attorney would try to work that out

4  informally with the U.S. Attorney's Office and get it resolved

5  that way.  If they cannot get it worked out, you have the right

6  to file formal written objections to the Presentence Report.  Do

7  you understand that?

8    MR. WITKOWSKI:  Yes, Your Honor.

9    THE COURT:  So, it's very critical that you read that

10  report.  Okay?

11    MR. WITKOWSKI:  Yes, Your Honor.

12    THE COURT:  I'll prepare a Report and Recommendation to

13  Judge Kays recommending that he accept your plea of guilty.  And

14  I make the following findings.  I find that you understand the

15  charge against you and the consequences of your plea.  I find you

16  have been advised of your rights, you understand them and

17  voluntarily and intelligently waive those rights.  I find you

18  have been ably and competently assisted by your attorney, Mr.

19  Davis.  I find that you do not suffer from any mental disease or

20  defect, now or at the time the crime was committed.  I find that

21  your decision to plead guilty has been made freely and

22  voluntarily and without coercion.  I find there is a factual

23  basis for the plea and I find that beyond a reasonable doubt that

24  you are, in fact, guilty of the crime charged in the Information.

25  Now, the Government is not moving for detention, is that correct?

1      MR. BLACKWOOD:  That's correct, Your Honor.

2      THE COURT:  All right.  I did have one concern after

3  talking with Pretrial Services, and that is the nature of the

4  charge is somewhat disturbing to me.  And I also -- you know,

5  there was some indication that there had been issues in the past

6  with your client's mental health and possible suicide attempts,

7  is that correct?

8      MR. WITKOWSKI:  Yes, Your Honor.

9      THE COURT:  All right.  Mr. Davis, do you have any

10 concerns about your client's mental health at this time?

11     MR. DAVIS:  Judge, I'm sorry.  Your Honor, I don't have

12 any concerns with him being out in the community.  He's been out

13 for a long time living with his grandparents.  His grandfather is

14 here present in the courtroom today.  He does have family

15 support.  There are a lot of eyes on him.  He has reached out and

16 has done counseling the past.  So, while there are some concerns,

17 I don't think there's anything that would -- that would make me

18 voice concern with him being out in the community because that's

19 where he's been and he's been doing well in the community.  So, I

20 would ask that he stay there.

21     THE COURT:  Mr. Blackwood, do you have any concerns?

22     MR. BLACKWOOD:  Based on some of the information that

23 was articulated in the written supplement, our current

24 understanding of his living situation and employment situation,

25 currently, we don't have concerns that he is a -- either a flight

1  risk or a danger to persons in the community at this time.

2      THE COURT:  All right.  Okay.  Well, Mr. Witkowski, if

3  you start having negative thoughts or get -- you know, will you

4  promise me that you're talk to Pretrial Services and your lawyer?

5      MR. WITKOWSKI:  Yes, Your Honor.

6      THE COURT:  All right.  Because I don't want you to do

7  anything to hurt yourself.  All right.

8      MR. WITKOWSKI:  Yes, Your Honor.

9      THE COURT:  You give me your word on that?

10      MR. WITKOWSKI:  I do, Your Honor.

11      THE COURT:  And your grandfather back there, sir, will

12  you make sure that you monitor this situation so that if you have

13  any concerns, you know, let -- you need to let the Pretrial

14  Services officer know.  Will you do that?  Or his attorney?

15      MR. WAYNE ASH:  Yes, sir.

16      THE COURT:  All right.  Well, Mr. Witkowski, I'm going

17  to go ahead and issue an Order of Release and I'm going to read

18  the conditions to you at this time.  Okay.  It's ordered that

19  your release is subject to these conditions.  First, you must not

20  violate any federal, state or local law while on release.

21  Second, you must cooperate in the collection of a DNA sample if

22  it is authorized under Title 42 or requested by the United

23  States.  You must advise the Court or the Pretrial Services

24  Office or supervising officer in writing before making any change

25  of residence or telephone number.  You must appear in court as

required.  And if convicted, you must surrender as directed to
serve any sentence that the court may impose.  You must submit to
supervision by and report for supervision to the Pretrial
Services Officer as directed.  You must continue or actively seek
employment.  Are you working now?

MR. WITKOWSKI:  Yes, Your Honor.

THE COURT:  Okay.  Keep working.  Okay?

MR. WITKOWSKI:  Yes, Your Honor.

THE COURT:  You must abide by the following restrictions
on travel.  You may not travel beyond the boundaries of Jackson
County, Clay County, Platte County and Cass County, Missouri, and
Johnson County and Wyandotte County, Kansas.  Now, you also must
reside at a residence approved by Pretrial Services.  Now, if you
need to travel beyond those counties, you just need to contact
your supervising officer and he -- they're pretty lenient about
that, you know, as long as you have a decent reason, if, you
know, it might be work or family, funeral, or whatever, you know.
But you just need to make sure that you get permission in advance
so they know where you're at.  Okay?

MR. WITKOWSKI:  Yes, Your Honor.

THE COURT:  All right.  You must avoid all contact,
directly or indirectly, with any person who is or may be a victim
or witness in the investigation or prosecution of this case.  You
must get medical or psychiatric treatment as directed by Pretrial
Services.  You may not possess a firearm, destructive device or

1  other weapon.  Do you have any firearms?

2          MR. WITKOWSKI:  No, Your Honor.

3          THE COURT:  All right.  You may not use alcohol at all.

4  You may not use or unlawfully possess a narcotic drug or other

5  controlled substance defined in 21 U.S. Code Section 802, unless

6  prescribed by a licensed medical practitioner.  You must submit

7  to testing for a prohibited substance if required by the Pretrial

8  Services Office or supervising officer.  Testing may be used with

9  random frequency and may include urine testing, the wearing of a

10 sweat patch, a remote alcohol testing system, and/or any form of

11 prohibited substance screening or testing.  You must not

12 obstruct, attempt to obstruct or tamper with the efficiency and

13 accuracy of prohibited substance screening or testing.  You must

14 participate in a program of in-patient or out-patient substance

15 abuse therapy and counseling if directed by the Pretrial Services

16 Office or supervising officer.  You must report as soon as

17 possible to the Pretrial Services Office or supervising officer

18 every contact with law enforcement personnel, including arrests,

19 questionings, or traffic stops.  You must report to the Pretrial

20 Services Office 30 minutes before any court proceeding that you

21 are required to attend.  So, if you have a court proceeding, you

22 need to be here 30 minutes in advance.  Go to the Fourth Floor,

23 report to Pretrial Services, then come on upstairs to the

24 courtroom.  Do you understand?

25          MR. WITKOWSKI:  Yes, Your Honor.

1   THE COURT:  All right.  Well, you know, this is big

2   opportunity for you to stay out of trouble so your lawyer can

3   help you.  And if you do that, it's going to really help you at

4   sentencing.  Do you understand?

5       MR. WITKOWSKI:  Yes, Your Honor.

6       THE COURT:  So, don't -- don't mess it up.

7       MR. WITKOWSKI:  Yes, Your Honor.

8       THE COURT:  Okay.  And, Grandfather, if you -- I'm

9   counting on you to let us know if there's any issues.  Okay?

10      MR. WAYNE ASH:  No problem.

11      THE COURT:  All right.  Thank you.  All right.

12  Anything?

13      MS. MARTIN:  Your Honor, just for the record, if you

14  may, I'm not sure if I had the formal plea come from his attorney

15  or if the defendant was answering your questions if he was guilty

16  or if I actually --

17      THE COURT:  He did.

18      MS. MARTIN:  He actually pled?  Okay.

19      THE COURT:  Yeah.  Yeah.

20      MS. MARTIN:  Got it.  Good.

21      THE COURT:  He pled.

22      MS. MARTIN:  My apologies.

23      THE COURT:  Anybody disagree with that?

24      MR. BLACKWOOD:  No disagreement here.

25      THE COURT:  All right.  Okay.  Mr. Witkowski, you're

1  going to need to sign this Order of Release.  You'll get a copy
2  of it.
3                      (Defendant Signing Paperwork)
4          THE COURT:  Does anybody have any questions or concerns
5  they want to raise with me?
6          MR. BLACKWOOD:  None from the Government, Your Honor.
7          THE COURT:  All right.
8          MR. DAVIS:  Nothing from the defense, Your Honor.
9          THE COURT:  Okay.  Does your client have any questions
10 he wants to ask me?
11         MR. WITKOWSKI:  No, Your Honor.
12         THE COURT:  All right.  Well, good luck.  Stay out of
13 trouble.
14         MR. WITKOWSKI:  Thank you, Your Honor.
15         THE COURT:  All right.  Okay.  You'll just need to sign
16 this and you'll get a copy of it, so.
17                      (Court Adjourned at 2:00 p.m.)
18
19
20
21
22
23
24
25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

        I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceeding in the
above-entitled matter.


        /s/ Lissa C. Whittaker        August 8, 2019
        Signature of transcriber           Date